IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN
125 South Jefferson Street
P.O. Box 22490           '08 FEB 21 P4:32
GREEN BAY DIVISION
*Dated: 2-21-2008*           **08 - C - 162**



Appealing from administrative judge
Lisa Vander Mazzen, Patricia Buss &
Traycee England
January 17th 2008
The State of Wisconsin Child Support Court Outagamie County
Appleton Wisconsin Appealing With Complaint
By the Writ of Mandamus
*Dated: 1-17-2008*

| | |
|---|---|
| Ralph George: Barke, | Case No.#4493PA000140 |
| David A. Vander Leest, | **Injunction** |
| Jenny A. DePouw, | 28 U.S..C. Sub. Sec. 2073(b) |
| Louise DePouw, | U.C.C. 1-207 Without prejudice |
| Rebecca M. DePouw, | F.R.C.P. 65(c), rule 23(b) |
| Under Duress & Compulsion, | In Good Faith |
|     Complainants, | |
| V. | And any other relief available |
| | **For fear of liniment danger** |
| Traycee England, | of this action by anyone of the Defendant(s) |
| Lisa B. Vander Mazzen, | and the Outagamie County Court |
| Patricia Buss, | |
| 401 South Elm Street et. al. | |
| Appleton WI 54911 | |
|     Defendant(s) | |

**EXHIBIT BY ATTESTATION AS FACT TO PLAINTIFF/COMPLAINANT CASE AT
BAR BY AFFIDAVIT qualifies as testimony authorized by 7602(a)(3)
NUNC PRO TUNC IN THE TRUTH
FOR IMMEDIATE INJUNCTION**

**Attestation:**
I have personal knowledge of facts set forth herein in (Rule 43(e), F.R.Civ.P. 7 Rule 602, F.R.Evid. This Affidavit satisfies testimonial requirements of 26 U.S.C. Sub. Sec. 7602(a)(3), Fact statements apply to calendar years ending December 31, 1991 though 2003, inclusive."

Domestic and foreign sources are segregated in compliance with 26 CFR Sub. Sec. 1.861-1(a) instructions. Refer to 26 CFR Sub. Sec. 1.861-8(a)(4) for statutory groupings and 26 CFR Sub. Sec. 1.861-8T(d)(2)(iii), 18 U.S.C. 1954(a), 28 U.S.C. 292(b), 28 U.S.C, 1367(a), Counter Claim 13(a),F.R.P. Sub. Sec. 2.25, F.R.P. 81(a)(3), 1331, 1332, 1331(a), 1334, 1359, 337(a), 5 U.S.C. 552(a), (4), (B); FRCP Rules 9(h), 11.38. Title 42 U.S.C, Sub. Sec. 1983; And any and all other applicable laws that apply in this matter now before this District Court; for items not excluded from specific sources. Demanding this Court to take Judicial Notice of the fact, that all named Defendant(s), have committed, fraud, false testifying, lying under Oath, with prejudice.

"Knowledge will forever govern ignorance; and a people who mean to be their own governors must arm themselves with the power which knowledge gives."--James Madison (Letter to W. T. Barry, August 4, 1822)

Demanding this Court take Judicial Notice, for the record, of the fact: "The practice of Law CAN NOT be licensed by any state/State. Schware v. Board of Examiners, 353 U.S. 238, 239. The "certificate" from the State Supreme Court only authorizes: To practice Law, "in Courts" as a member of the State Judicial branch of Government. A bar card holder can only represent "wards of the Court". the state bar card is not a license; it is a Union Dues Card of a Professional Association. Etc., etc.

What **Patricia Buss, Traycee England, Beth Vander Mazzen's**, actions have done was what amount to end runs around constitutional limitations. I the Plaintiff/Defendant, Ralph George: Barke, state the purpose of how and why all the named Defendant(s), purpose is to bring the fruit of the beast and construct a macabre scheme that undermines sovereignty and solvency of nation, by Defendant(s) actions, to the best of my knowledge and belief. And that all named Defendant(s), and Court, is by Law , required that State Legislation stay within the limits of the State Constitution. See, Marbury v. Madison 5 U. S. 137 (1801)(1803), Miranda v. Arizona, 384 U. S. 436, 491 (1966), to which states as follows: "Where rights secured by the Constitution are involved, there can be no rule making or legislation that would abrogate them."

There is surely much to be said for avoiding constitutional disputes when they need not be resolved, but it is not clear that Rust allows that easy escape from matters of first principle. To be sure, nothing is more dangerous than entrusting administrators to make decisions on scope of their own powers, for whatever expertise they have on this issue-and it is surely minor-is more than dwarfed by their inherent bureaucratic bias to expand the scope of their own jurisdiction and to stamp their own policy agendas on their statutory mandates. But the appropriate remedy in this context is not to throw up the collective judicial hands at the first sign of textual difficulty; it is to read the administrative regulation and the statute without any presumption one way or the other, and to decide a difficult question of construction as best one can. Mere ministerial officers, no matter what their supposed status is, lack and otherwise "want Immunity for participation in and perpetuating supposed governmental acts which "Want Jurisdiction." All supposed 'judges", irrespective of that status, descend to the level of mere "clerks" of any administrative agency involved (K.C. Davis, ADMINISTRATIVE LAW, Ch. 1, CTP, West's 1965), and act as mere "ministerial" agents therefore (Thompson v. Smith, 154 SE 579, 583), and as mere "extensions of the administrative agency involved for mere superior reviewing purposes: (K.C. Davis, ADMINISTRATIVE LAW, p. 95, CTP, 6 Ed, West's 1977; and supra; see FRC v. GE, 281d U.S. 428, etc; also see K.C. Davis, 1978 ADMINISTRATIVE LAW TREATISE). As such, where an agency is involved (or should be, but none is assigned to that subject matter "primary jurisdiction"), a mere agent chooses to act in favor of existence of supposed jurisdiction at their

peril (Middleton v. Low, 30 Cal. 596); for he, having NO purely "judicial' power or authority, yet commit's a JUDICIAL act (San Christina v. SF, 167 C 762, 141 P 384; Soc. Sec. v. Nierotko, 327 U.S. 3581, 369; Cromwell v. Benson, 158 U.S. 22, 51-65; No Pipe v. Marathon Pipe, 102 S.Ct.2858, 1982). It is well settled generally that judges who participate in actions where they WANT jurisdiction have no immunity at all (see also O'leary v. Waterbury Title, 117 Conn. 39, 166 A 673; Imbler v. Pachtman, 424 U.S. 409; Bradley v. Fisher, 13 Wall 335; Ex parte Va., 100 U.S. 339). "Immunity fosters neglect and breeds irresponsibility, while liability promotes care and caution, which caution and care is owed by the government and its agents to its people,' (Rabon v. Hosp., 152 SE 485). Government is required to OBEY the law (Elkins v. U.S., 364 U.S. 206; Fuller v. Ak., 393 U.S. 80, 81, n. 2; Cohen v. Wright, 22 Cal. 293). When the municipality, the state or states' municipal creature, or the USA, Inc., gets itself involved in COMMERCE (purely a NON-governmental, but PRIVATE law merchant) activity, it looses its "governmental" cloak, dignity, and immunity, and descends down to he mere level of a PRIVATE corporation, and its agents to that of a mere PRIVATE individual, subject to all liability on contract, tort, and criminality (Frey v. Woodworth, 2 F2d 725; 1 jdayson, HANDL. FED. TORT CL., p. 2-47, M. Bender, and cases cited herein). It is well settled that , 1) the U.S. Constitution is a constitution of NO power as to inland matters, and is severely LIMITED in other matters; 2) the colonies had NO legitimate power over the individual's political and civil rights (see DECLARATION AND RESOLVES OF THE FIRST CONTINENTAL CONGRESS, 14 Oct. 1774); 3). Rules (Discretion of judges)-[W]here Congress has since enacted statutes and courts have adopted rules regulating the power of federal courts over grand juries, the exercise of judicial discretion arising by necessary implication is effectively precluded. United States v. Fein, 504 F.2d 1170, 1172 (2nd Cir. 1974) 1181. [I]t is fundamental to our jurisprudence that he rule of law must prevail and that the prosecution of those suspected of crime must itself proceed according to law, and not otherwise. Court's Power - Power that court does not have -- the power to fundamentally alter the historic relationship between the grand jury and its constituting court. Whitehouse v. U.S. Dist. Court For Dist. Of Rhode Island, 53 F.3d 1349, 1357 (1st Cir. 1995) quoting united States v. Williams, 112 S.Ct. 1735, 1744 (1992). Buffer, 5-way "specialness" 1356-1357. "It is the duty of the court to be watchful for the constitutional rights of the citizen and against any stealthy encroachments thereon." Boyd v. United States 116 U.S. 616 (1885). Arm of Executive Branch - In Re Grand Jury Proceedings, 486 F.2d 85, 90 (3rd Cir. 1973) quoting 8 J. Moore Fed. Practice Sections 6.02 [1], [6], 2d ed. Ciper ed. 1972. Treatise on Law, including the critical point where Aquinas turns to his discussion of the practicalities of law making - the "framing" of law. Aquinas first says that "law is framed for what frequently happens, "before going on to remark, in the disjunctive, that "law is framed as a rule or measure of human acts. When a judge acts intentionally and knowingly to deprive a person of his constitutional rights he exercises no discretion or individual judgment; he acts no longer as a judge, but as a "minister' of his own prejudices.[386 U.S. 547, 568]. +++ A judge is liable for injury caused by a ministerial act; to have immunity the judge must be performing a judicial function. See, e. g., Ex parte Virginia, 100 U.S. 339; 2 Harper & James, The Law of Torts 1642-1643 (1956). The choice cannot be avoided by any "remand" to Congress. That remand does not ask the Congress to clarify its initial act. Rather, it gives a different Congress the advantage of starting from a blank slate when its own sensibilities are vastly different from the Congress that enacted the disputed statutory provision.

Keeping the hearing question outside of the constitutional order allows the political process to inch toward some workable solution, without having to face under the due process clause the questions of what sort of hearings should be required, who should give them, when they should be conducted, and the like. To resolve this issue by constitutional litigation entrusts these decisions to judges who are largely without administrative knowledge or experience. And it does

so in the absence of any evidence of a miscarriage in the political process that might call for such intervention. The fundamental concerns of the unconstitutional conditions doctrine are absent from this case, and their absence suggest that Goldberg shows how it is possible for good intentions to lead to mistakes of constitutional proportions.

The law which regulated the affairs of such a vast and various empire of high civilization is a wonderful scheme of human justice, attracting, with uncommon interest, the individuals jurisprudence.

Respectuflly Submitted

*[signature]*
Ralph George: Barke, sui juris
U.C.C. 1-207 without prejudic
3288 Drolette Road Oconto WI. [54153]

On the 18th day of February, 2008_ Anno Domini, before me personally appeared Ralph George: Barke, personally known to me (or proved to me on the basis of satisfactory evidence) to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in His authorized capacity, and that by His signature on this instrument the individual, or the entity upon behalf of which the individual acted, executed the instrument. Purpose of Notary Public is for identification only, and <u>not</u> for entrance into any foreign jurisdiction.

WITNESS my hand and official seal.
*[signature]*
Notary Public
My Commission Expires  10-09-09

**Certificate of Service, in Good Faith, by via, electronic E- mail filing to :**

**United States District Court**
**125 South Jefferson Street**
**PO Box 22490**
**Green Bay, Wisconsin  54305**

                                  *Traycee England,*
                                  *Patricia Buss,*
                                  *Lisa B. Vander Mazzen,*
                                  ***Outagamie County Circuit Cour***
                                  ***401 South Elm Stree***
                                  ***Appleton, Wisconsin 54911***