UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RALPH GEORGE BARKE, et al.,

        Plaintiff,

v.                                               Case No. 08-C-162

TRAYCEE ENGLAND, et al.,

        Defendant.

**ORDER**

Plaintiff Ralph George Barke has filed a complaint and a motion to proceed *in forma pauperis*. He has also filed a motion for leave to proceed *in forma pauperis*, an affidavit of indigency dated February 21, 2008, and a supplemental affidavit dated March 25, 2008. In his supplemental affidavit, Barke clarifies that he has no cash or checking, savings, or other similar accounts, has one dependent, and meets his monthly expenses by providing care for a good friend with disabilities, with whom he resides. Upon review of both affidavits, it appears that plaintiff could not afford the $350 filing fee. Accordingly, his motion to proceed *in forma pauperis* will be granted.

The court, however, maintains a duty to "screen" all complaints to ensure that they comply with the Federal Rules of Civil Procedure and that they state at least plausible claims for which relief may be granted. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007) (citing 5 Wright & Miller § 1216, at 233-234); *see also Asahi Glass Co. v. Pentech Pharmaceuticals, Inc.*, 289 F. Supp. 2d 986, 995 (N.D. Ill. 2003) (Posner, J., sitting by

designation) ("Some threshold of plausibility must be crossed at the outset . . . ."). In reviewing the sufficiency of a complaint, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." In addition, Rule 8(d)(1) states that "[e]ach allegation must be simple, concise and direct." The Seventh Circuit has held,

> The primary purpose of these provisions is rooted in fair notice: Under Rule 8, a complaint must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is. . . . A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation.

*Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) (internal quotation omitted). Here, Barke's allegations are utterly incoherent, and it is impossible for the court to decipher the basis of his complaint. Thus, the complaint fails to state a claim for which relief may be granted, and does not allow defendants to discern what claims are being brought against them. Accordingly, Barke's motion to proceed *in forma pauperis* is granted, and this case is dismissed without prejudice.

**SO ORDERED** this 25th day of April, 2008.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
